```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

SETTLEMENT FUNDING LLC, et al.,   §
                                  §
    Plaintiffs,                 §
                                  §
v.                                §   CIVIL ACTION NO. H-12-2044
                                  §
RSL FUNDING, LLC, et al.,         §
                                  §
    Defendants.                 §
                                  §
v.                                §
                                  §
JLL PARTNERS, INC., et al.,       §
                                  §
    Third-Party Defendants.     §

### MEMORANDUM, RECOMMENDATION, AND ORDER

Late last year, the parties represented to the court that they had filed motions for partial summary judgment on Peachtree Settlement Funding, LLC's ("Peachtree") tortious interference claim prior to removal and that the motions remained pending. At a hearing on January 23, 2013, the court informed the parties that it had been unable to locate the motions in the removed documents on record.[1] Although the parties maintained that the relevant documents were in the Index of Removed Documents, they offered to resubmit the pending partial summary judgment motions, as well as all related briefs and objections to the summary judgment evidence.[2] The court

---

    [1]    See Doc. 51, Tr. of Hr'g on Jan. 23, 2013 p. 9.

    [2]    See id. pp. 9-10.

agreed to their proposal.[3]

On February 28, 2013, and March 4, 2013, the parties resubmitted state court documents that originally had been filed between October 22, 2010, and March 9, 2012.[4] These twenty-nine documents consisted of motions (dispositive and nondispositive), responses, replies, other briefs, exhibits, evidentiary objections, and letters to the state court judge covering a gamut of issues and totaling nearly 2500 pages.[5] From this confusing conglomeration of pleadings, the court has been unable to get a complete and clear picture of the state court proceedings. Significantly, the court cannot piece together a coherent state court procedural history or determine with any certainty which motions among the resubmitted documents were resolved by the state court judge.[6] The court has no intention of revisiting motions resolved in state court or expending

---

[3] See id. pp. 9-14.

[4] See Docs. 61-89, Removed Docs. Filed in State Ct. from Oct. 22, 2010, to Mar. 9, 2012.

[5] See id. Unfortunately, the frenzied filing in state court was revived when the parties resubmitted the state court documents, resulting in the filing of three additional briefs between April 2, 2013, and May 1, 2013. See Doc. 94, Settlement Funding, LLC, ("Settlement Funding") & Peachtree Settlement Funding, LLC's ("Peachtree") Objection to RSL Funding, LLC's Mot. for Partial Summ. J. as Premature; Doc. 102, RSL's Resp. to Settlement Funding & Peachtree's Objection to RSL's Mot. for Partial Summ. J. as Premature; Doc. 104, Settlement Funding & Peachtree's Rule 56(d) Resp. to RSL's Mot. for Partial Summ. J.

[6] To make matters worse, the parties are unable to agree on the existence and/or the effect of certain state court rulings. Compare, e.g., Doc. 94, Settlement Funding & Peachtree's Objection to RSL's Mot. for Partial Summ. J. as Premature pp. 1-2 (representing that the state court continued the hearing on RSL's motion until RSL complied with discovery obligations) with Doc. 102, RSL's Resp. to Settlement Funding & Peachtree's Objection to RSL's Mot. for Partial Summ. J. as Premature p.2 (representing that the state court continued the hearing on all pending summary judgment motions to allow additional time for discovery in general).

court time on motions that state procedural issues which are no longer germane.

In addition to the procedural quagmire, the court notes that the structured-settlement industry has continued to generate significant litigation and court opinions nationwide during the more than two years since the filing of Peachtree's initial motion for partial summary judgment. The court is not willing to wade through outdated legal arguments in the parties' briefs or to research the present state of the law on behalf of the parties.

In the interest of the stewardship of judicial resources, the court **RECOMMENDS** that all motions that were pending at the time of removal (Docs. 61, 64, 73, 76, 79, & 86 in the present record) be **DENIED**. Consequently, the court also **OVERRULES AS MOOT** Settlement Funding, LLC, & Peachtree's Objections to RSL Funding, LLC's ("RSL") Motion for Partial Summary Judgment as Premature (Doc. 94), which was filed almost a year and a half after RSL's motion was filed.

Should the court's recommendation be adopted, the parties are ordered to update and resubmit their motions for partial summary judgment on the issue of tortious interference within thirty days of the filing of the court's order adopting. The briefs in support of the motions, which are limited to twenty-five pages, must include a coherent statement of binding and persuasive law on the issue of tortious interference within the context of the purchase of structured settlements and must include pinpoint citations to any

3

attached exhibits, all of which must be in admissible form. If the parties will agree on the procedural history relevant to the summary judgment motions, they may file a separate joint procedural history that will not count against their respective page limits. The parties will have the standard twenty-one days to respond to the motions and to object to summary judgment evidence, followed by five days during which the parties may file a reply to the corresponding response and a response to any objections to evidence. **The court will accept no other motions, briefs, or court filings of any sort on the issue.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of May, 2013.

Nancy K. Johnson
United States Magistrate Judge